RICHARD A. JONES (Bar No. 135248)
Email: rjones@cov.com
COVINGTON & BURLING LLP
1 Front Street
San Francisco, CA 94111
Telephone: (415) 591-6000
Facsimile:   (415) 591-6091

THOMAS S. WILLIAMSON, JR. (*Pro hac vice*)
Email: twilliamson@cov.com
SHIMICA D. GASKINS (*Pro hac vice*)
Email: sgaskins@cov.com
COVINGTON & BURLING LLP
1201 Pennsylvania Ave., N.W.
Washington, DC 20004
Telephone: (202) 662-6000
Facsimile:   (202) 662-6291

Attorneys for Defendant
GILEAD SCIENCES, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MOORE,<br><br>           Plaintiff,<br><br>     v.<br><br>GILEAD SCIENCES, INC.,<br><br>           Defendant. | **Case No. CV 07-3850 SI**<br><br>NOTICE OF CORRECTED STIPULATION [AND [PROPOSED] ORDER] ON ELECTRONIC DISCOVERY<br><br>Judge: Honorable Susan Y. Illston |

        PLEASE TAKE NOTICE, Defendant Gilead Sciences hereby submits, on behalf of the parties in the above captioned matter, Notice of Corrected Stipulation [and [Proposed] Order] on Electronic Discovery ("Corrected ESI Stipulation"). The Corrected ESI Stipulation

1    changes the dates in paragraphs 10 and 11 from January 2010 to January 2011, to reflect the

2    accurate year.

3

4                    Dated:  December 17, 2010

5

6                                    COVINGTON & BURLING LLP

7

8                         By:  _____/S/_____

9                            Richard A. Jones
                                  1 Front Street

10                         San Francisco, CA 94111
                         (415) 591-6000

11                         rjones@cov.com

12                         Thomas S. Williamson, Jr. (*Pro hac vice*)
                         Shimica D. Gaskins (*Pro hac vice*)

13                         1201 Pennsylvania Ave., N.W.
                         Washington, DC 20004

14                         (202) 662-6000
                         twilliamson@cov.com

15                         sgaskins@cov.com

16

17                         *Attorneys for Defendant Gilead Sciences,*
                         *Inc.*

18

19

20

21

22

23

24

25

26

27

28

1  RICHARD A. JONES (Bar No. 135248)
   Email: rjones@cov.com
2  COVINGTON & BURLING LLP
   1 Front Street
3  San Francisco, CA  94111
   Telephone:  (415) 591-6000
4  Facsimile:   (415) 591-6091

5  THOMAS S. WILLIAMSON, JR. (*Pro hac vice*)
   Email: twilliamson@cov.com
6  SHIMICA D. GASKINS (*Pro hac vice*)
   Email:  sgaskins@cov.com
7  COVINGTON & BURLING LLP
   1201 Pennsylvania Ave., N.W.
8  Washington, DC 20004
   Telephone:  (202) 662-6000
9  Facsimile:   (202) 662-6291

10 Attorneys for Defendant
   GILEAD SCIENCES, INC.
11

12

13

14              UNITED STATES DISTRICT COURT

15        FOR THE NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17

18 DAVID MOORE,                    Case No. CV 07-3850 SI

19              Plaintiff,

20        v.                       CORRECTED STIPULATION [AND
                                    [PROPOSED] ORDER] ON
21 GILEAD SCIENCES, INC.,          ELECTRONIC DISCOVERY

22              Defendant.
                                    Judge: Honorable Susan Y. Illston
23

24

25

26      1.      This stipulation ("Stipulation") [and proposed Order] on discovery of

27 electronically stored information ("ESI"), pursuant to Federal Rule of Civil Procedure 26(f),

28 shall govern various discovery issues in this litigation.  The fact that the parties have agreed to

1    this Stipulation shall not constitute an acknowledgement that any information excluded from

2    discovery by this Stipulation would (or would not) be discoverable in the absence of this

3    Stipulation.  Nothing in this Stipulation shall waive in whole or part any objection raised by a

4    party in its written responses to specific discovery requests served in this action.  Nor shall this

5    Stipulation modify or supersede the terms of the parties' Agreed Protective Order to be

6    submitted shortly.

7            2.        Consistent with Federal Rule of Civil Procedure 34 and except as

8    modified herein, the parties shall produce relevant, responsive and non-privileged ESI that is

9    reasonably accessible and not unduly burdensome to locate and produce.

10                   **Format of E-Discovery Production**

11           3.        Subject to the limitations contained in Paragraphs 4 through 11 below, the

12   parties agree to produce relevant, responsive and non-privileged ESI that is reasonably

13   accessible regardless of their original format as black and white, single page Group IV TIFF

14   files (along with Concordance .opt and .dat load files) or in searchable pdf format (along with

15   Concordance .opt and .dat load files), multiple page documents should be produced as a single

16   pdf.  The parties agree that the production of relevant, responsive and non-privileged

17   information shall take place on a rolling basis.

18           4.        E-mails and other electronic documents produced in accord with

19   Paragraph 2 shall be produced as they are kept in the usual course of business, and produced

20   with the following information:  (i)  Extracted text or OCR sufficient to render them fully

21   searchable.  Extracted native text shall be produced in document-level .txt files where available.

22   If no extractable text is available, machine OCR will be produced.  The file name of the .txt file

23   should match the starting bates designation for the document. (ii) the custodian from whom the

24   documents were collected; (iii) for e-mails, the author, recipient(s), date the e-mail was sent or

25   received, subject or header, and links to any relevant, responsive, non-privileged attachments.

26   However, nothing herein shall require the parties to create or supply any information, metadata

27   or otherwise, which is not maintained by the parties in the usual course of business.

28

1           5.      Emails and other electronic documents will be globally deduplicated

2    across all custodians and sources.  The first instance of an email family or electronic document

3    encountered during pre-review processing will be included, with duplicate copies removed from

4    subsequent review and production volumes.  Emails and their attachments will be handled as a

5    package or "family."  Email families will be deduplicated using the TO, FROM, CC, Subject,

6    Sent Date, and Body fields in the message header.  Electronic documents will be deduplicated

7    using a MD5 hash algorithm.  Duplicate email families and documents will be preserved and

8    logged, but not reviewed and produced.

9           6.      No party shall be required to re-produce any documents produced or

10   exchanged prior to the date of this Stipulation, including materials submitted prior to

11   commencement of the instant lawsuit, or to "backfill" any information associated with such

12   documents.

13                                       **Limitations on E-Discovery**

14         *Sources of ESI*

15          7.      The parties agree that, in the absence of a showing of particularized need,

16   there is no obligation to preserve or produce information from the following sources:

17   BlackBerrys or other similar portable devices; cell phones; and voicemails.  In addition, the

18   parties agree there is no need to preserve, access, review or produce materials from back-up

19   tapes.  The parties have met and conferred on these issues and have reached agreement based

20   upon the representations and understandings reached in these conferences.  The parties reserve

21   all rights should new information become available.

22          8.      To the extent that a party knows or can reasonably ascertain that an active

23   structured database, or a computer system or program that is no longer reasonably accessible

24   (due to, for example, its de-activation or dismantling), is otherwise unduly burdensome to

25   preserve and search, or whose contents would be primarily cumulative, contains information

26   that would otherwise be discoverable, the party shall identify the structured database, computer

27   system or program in lieu of producing such information, together with a description of the

28

1    discoverable information contained on it that is sufficient to permit the requesting party to

2    assess whether it wishes to bear the cost of acquiring the information.

3            9.      Each party bears its own costs of preserving, searching and producing

4    ESI, except that a party demonstrating particularized need for information contained in any of

5    the sources identified in Paragraphs 7 or 8 shall bear the cost of searching for and producing that

6    information.

7                        *Relevant Custodians*

8            10.     On or before January 7, 2011, the parties agree to exchange lists of the

9    most likely custodians of relevant electronic materials, including a brief description of each

10   person's title and responsibilities, as well as other pertinent information concerning whether the

11   electronic documents associated with the custodians identified are of limited accessibility,

12   including but not limited to documents created or used by electronic media no longer in use,

13   maintained in redundant electronic storage media, or for which retrieval involves substantial

14   cost.  The parties agree to meet and confer within five business days thereafter in order to

15   generate an agreed upon list of custodians whose electronic materials will be preserved and

16   searched for purposes of the instant litigation.  The parties agree to finalize said agreed upon list

17   of custodians as well as the method of preservation, no later than January 21, 2011.

18                *Search terms, time periods and other restrictions*

19           11.     The parties agree to employ electronic searches and other limitations in

20   order to locate relevant ESI and keep the burdens associated with electronic discovery within

21   reasonable limits.  On or before January 7, 2011, the parties shall exchange proposed "key

22   word" searches and other limitations, including custodian or source locations to be searched,

23   document type or time period, that will be used to locate, preserve and produce relevant

24   electronically stored documents.  The parties agree to meet and confer within fifteen business

25   days thereafter in order to generate an agreed upon set of "key word" searches and other

26   limitations to be applied to production of electronically stored documents.  The parties agree to

27   finalize said agreed upon "key word" searches and other limitations no later than January 28,

28   2011.

**Retention**

12.     Subject to the limitations contained in this Stipulation and proposed order, each party shall be responsible for taking steps in order to preserve the integrity of ESI that is identified as potentially relevant .  To the extent relevant ESI has not been preserved or maintained properly, the party with knowledge of such circumstances must disclose such information, including the specific events that led to the failure to preserve or maintain relevant ESI, within five business days of learning of such failure.

* * *

13.     The Parties may execute this document in counterpart and by facsimile or other electronic means of transmission.


Dated:  December 17, 2010


LAW OFFICES OF ROB HENNIG                COVINGTON & BURLING LLP


By: _____/S/_____          By: _____/S/_____

Rob Hennig                               Richard A. Jones
1875 Century Park East                   1 Front Street
Suite 1770                               San Francisco, CA 94111
Los Angeles, CA 90067                    (415) 591-6000
(310) 843-0020                           rjones@cov.com
rob@robhennig.com
                                         Thomas S. Williamson, Jr. (*Pro hac vice*)
                                         Shimica D. Gaskins (*Pro hac vice*)
*Attorneys for Plaintiff David Moore*    1201 Pennsylvania Ave., N.W.
                                         Washington, DC 20004
                                         (202) 662-6000
                                         twilliamson@cov.com
                                         sgaskins@cov.com


                                         *Attorneys for Defendant Gilead Sciences, Inc.*

1        SIGNATURE ATTESTATION:  I hereby attest that I will maintain on file all

2 holograph signatures for additional signatures indicated by a "conformed" signature (/S/) within

3 this efiled document.

4                                    /s/

                                     Richard A. Jones

7 PURSUANT TO STIPULATION, IT IS SO ORDERED.

                                       Dated: December _____, 2010

The Hon. Susan Y. Illston
United States District Judge for the
Northern District of California