1  RICHARD A. JONES (BAR NO. 135248)
   E-MAIL: RJONES@COV.COM
2  COVINGTON & BURLING LLP
   1 FRONT STREET
3  SAN FRANCISCO, CA 94111
   TELEPHONE: (415) 591-6000
4  FACSIMILE:  (415) 591-6091

5  THOMAS S. WILLIAMSON, JR. (*PRO HAC VICE*)
   E-MAIL: TWILLIAMSON@COV.COM
6  SHIMICA D. GASKINS (*PRO HAC VICE*)
   E-MAIL: SGASKINS@COV.COM
7  COVINGTON & BURLING LLP
   1201 PENNSYLVANIA AVE., N.W.
8  WASHINGTON, DC 20004
   TELEPHONE: (202) 662-6000
9  FACSIMILE:   (202) 662-6291

10 ATTORNEYS FOR DEFENDANT
   GILEAD SCIENCES, INC.
11

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID MOORE,<br><br>    Plaintiff,<br><br>    v.<br><br>GILEAD SCIENCES, INC.,<br><br>    Defendant. | **Case No. CV 07-3850 SI**<br><br>**DEFENDANT'S INDIVIDUAL STATEMENT REGARDING DISCOVERY DISPUTE CONCERNING PLAINTIFF'S SUBPOENA TO DAEGIS, INC.**<br><br>Judge: Honorable Susan Y. Illston |

**DEFENDANT'S INDIVIDUAL STATEMENT
REGARDING DISCOVERY DISPUTE
CONCERNING PLAINTIFF'S SUBPOENA TO DAEGIS, INC.**

Gilead Sciences, Inc. ("Gilead") respectfully brings to the Court's attention that on August 25, 2011, in response to Gilead's Motion for Sanctions, Plaintiff served a subpoena on Daegis, Inc., Gilead's third-party e-discovery vendor.  The subpoena requests: 1) "All documents provided by [Daegis] to Gilead Sciences, Inc., in relation to David Moore or this litigation;" 2) All documents sent by [Daegis] to Gilead Sciences, pertaining to any subpoena issued by the U.S. Dept. of Justice" ("DOJ")[1]; and 3) "All documents [Daegis] used to conduct any search for relevant documents and when these searches were done."  *See* Ex. A.  The parties have met and conferred and are at an impasse regarding the subpoena.  Gilead is seeking the Court's assistance to prevent Plaintiff's abuse of the discovery process by seeking documents in a manner that would effectively nullify the normal limits on discovery that protect litigants from having to disclose irrelevant, nonresponsive, or privileged documents.  *See, e.g.*, Fed. R. Civ. P. 26(b)(1).  Specifically, Gilead requests that the Court quash this extraordinary and overreaching subpoena pursuant to Federal Rules 26 and 45.

By way of background, Gilead retained Daegis, an e-discovery vendor, in connection with this litigation to act as its agent by hosting Gilead's documents for review and production by outside counsel.  The documents retained by Daegis are Gilead's documents; Daegis is merely storing them.  Gilead objects to their disclosure for several reasons.

*First*, Plaintiff's subpoena is unduly burdensome because it seeks information that is both duplicative and cumulative of Gilead's document productions.  Gilead has produced relevant, nonprivileged documents in the normal course of discovery.  To date, Gilead's production has exceeded 70,000 documents.  Plaintiff, therefore, is not entitled to duplicate documents from a nonparty.  *See Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal.

---

[1] Gilead notes that Daegis was not involved in the investigation conducted by the DOJ.

2007) (quashing nonparty subpoena because the requested documents were duplicative and thus were not "unique and material evidence").

*Second*, the subpoena is manifestly overbroad on its face.  The subpoena requests *all* documents.  Every document that Gilead retained, collected, or reviewed is obviously not relevant to this litigation.  Like irrelevant documents, Plaintiff is also not entitled to privileged documents.  Plaintiff's request for documents "used to conduct any search for relevant documents" seems particularly designed to obtain access to attorney work product.  Indeed, the extraordinary scope of the subpoena necessarily encompasses documents to which Gilead has a valid claim of attorney-client privilege and attorney work product.  Plaintiff has not made *any* threshold showing of relevance or special need that could conceivably justify requiring such sweeping and wide-ranging disclosure of Gilead's documents.

In sum, Plaintiff's subpoena is nothing more than an improper attempt to use Gilead's motion for sanctions to circumvent the normal discovery rules excluding access to irrelevant, nonresponsive, and privileged documents in order to conduct a fishing expedition.  Accordingly, this Court should quash the subpoena.

DATED:   September 16, 2011

By:    /s/ Shimica D. Gaskins
SHIMICA D. GASKINS (*PRO HAC VICE*)
THOMAS S. WILLIAMSON, JR. (*PRO HAC VICE*)
COVINGTON & BURLING LLP
1201 PENNSYLVANIA AVE., N.W.
WASHINGTON, DC 20004
TELEPHONE: (202) 662-6000
FAX: (202) 662-6291
SGASKINS@COV.COM
TWILLIAMSON@COV.COM

RICHARD A. JONES (BAR NO. 135248)
COVINGTON & BURLING LLP
1 FRONT STREET
SAN FRANCISCO, CA  94111
TELEPHONE: (415) 591-6000
FAX: (415) 591-6091
RJONES@COV.COM
Attorneys for Defendant Gilead Sciences, Inc.

**CERTIFICATE OF SERVICE**

I, Shimica D. Gaskins, Esq., certify that on this date, I electronically filed the foregoing document using the CM/ECF system which will send a notification to all the attorneys of record.

Dated: September 16, 2011          /S/ Shimica D. Gaskins
                                   SHIMICA D. GASKINS (*PRO HAC VICE*)
                                   EMAIL: SGASKINS@COV.COM
                                   COVINGTON & BURLING LLP
                                   1201 PENNSYLVANIA AVE., N.W.
                                   WASHINGTON, DC 20004
                                   TELEPHONE: (202) 662-6000
                                   FACSIMILE: (202) 662-6291