IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MOORE, | No. C 07-03850 SI |
| Plaintiff, | **ORDER RE: INDEPENDENT PSYCHIATRIC EXAMINATION OF PLAINTIFF** |
| v. | |
| GILEAD SCIENCES, INC., | |
| Defendant. | |

On December 7, 2011, defendant Gilead Sciences, Inc. ("Gilead") filed a discovery dispute with the Court regarding an independent psychiatric examination of plaintiff David Moore. In it, Gilead states that Moore recently identified a neuropsychiatrist whom he plans to call at trial "regarding issues of damages including, but not limited to, plaintiff's neuropsychological assessment, emotional distress, pain and suffering, and psychological and/or psychiatric injury suffered by Plaintiff based on the events of this case and Plaintiff's medical history." Doc. 118, Ex. A, at 2. In response, Gilead is requesting the Court to compel Moore to submit to an independent mental examination by a forensic psychiatrist pursuant to Fed. R. Civ. P. 35 ("Rule 35"). Moore filed an opposition to Gilead's request on December 20, 2011. Moore argues that Gilead has not provided sufficient detail about its proposed examination for the Court to fulfill the requirements of any Rule 35 order, and, furthermore, that fact discovery has closed and defendant has not provided any argument that a mental exam would be expert discovery subject to a different deadline than fact discovery.

The Court finds that Gilead has made a sufficient showing of good cause as required by Rule 35(a)(2)(A) to order an independent mental exam of Moore. However, Moore is correct that a Rule 35 order "must specify the time, place, manner, conditions, and scope of the examination, as well as the

person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). Gilead has not provided the Court with sufficient information about the proposed exam to satisfy these requirements. The parties are therefore ORDERED to meet and confer to discuss the specifics of the mental exam. If the parties fail to agree on those specifics, they may submit their dispute to the Court.

**IT IS SO ORDERED.**

Dated: December 23, 2011

SUSAN ILLSTON
United States District Judge