IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MOORE,<br><br>  Plaintiff,<br><br>  v.<br><br>GILEAD SCIENCES, INC.,<br><br>  Defendant.<br>_____ / | No. C 07-03850 SI<br><br>**ORDER GRANTING DEFENDANT LEAVE TO FILE SUMMARY JUDGMENT MOTION ON PUNITIVE DAMAGES AND DISABILITY DISCRIMINATION; SETTING HEARING DATE** |

On April 10, 2012 the Court granted defendant's motion for partial summary judgment on reinstatement and damages. Dkt. 148. The Court found that Gilead would have had a legal basis to terminate Moore on November 22, 2010, when Gilead discovered Moore's efforts to erase company hard drives. As such, the Court held that Moore was ineligible for reinstatement and that any backpay resulting from his four causes of action would be limited to his pre-November 22, 2010 employment. The Court also denied Moore's motion for partial summary judgment on the fourth of his four causes of action: alleged violations of New York State Human Rights Law and New York City Human Rights Ordinances because of his disability. The Court found that there was a genuine dispute of material fact as to whether Moore was disabled, given the record at the time.

On August 8, 2012, at a case management conference, defendant suggested that it wished to file an additional summary judgment motion on punitive damages and the Court directed the parties to submit letter briefs regarding the proposed motion. Defendant's letter brief, filed with the Court on August 24, 2012, contends that punitive damages are not available as a matter of law for three of Moore's four causes of action. Defendant also argues that newly available expert deposition testimony reveals that there is no longer a genuine dispute of material fact as to whether Moore is disabled.

Defendant claims that expert depositions taken after the initial summary judgment motions were due prove that Moore is not disabled. Plaintiff's principal response, filed September 7, 2012 with the Court, is that defendant has not presented any new facts, but instead seeks to relitigate the Court's prior ruling that there was a genuine dispute of material fact as to whether Moore is disabled.

The Court finds that defendant has directed the Court to newly available expert testimony that may resolve the disputed status of Moore's disability. Additionally, a summary judgment motion on punitive damages would narrow the issues for trial. Therefore, the Court hereby GRANTS defendant leave to file a partial summary judgment motion on punitive damages and disability discrimination. Defendant's motion is due by **September 21, 2012**, any opposition from plaintiff by **October 5, 2012**, and any reply by **October 10, 2012.** Hearing on defendant's motion is set for **October 16, 2012, at 3:30 p.m.**

**IT IS SO ORDERED.**

Dated: September 18, 2012

SUSAN ILLSTON
United States District Judge