IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DAVID MOORE,

        Plaintiff,

  v.

GILEAD SCIENCES, INC.,

        Defendant.

         /

No. C 07-03850 SI

**ORDER DENYING PLAINTIFF'S REQUEST FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

      On October 10, 2012, plaintiff filed a letter with the Court requesting leave to file a motion for reconsideration of the Court's prior orders (1) granting defendant's motion for partial summary judgment on reinstatement and damages (Dkt. 148, filed April 10, 2012) and (2) granting in part defendant's motion for sanctions (Dkt. 136, filed February 29, 2012). Defendant has filed a letter opposing plaintiff's request, and plaintiff has filed a reply. The Court, having considered the parties' papers and arguments therein, hereby DENIES plaintiff's request for leave to file a motion for reconsideration.

      To obtain leave to file a motion for reconsideration, plaintiff must show that, "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which leave is sought." Civil L.R. 7-9(b)(1). Plaintiff asserts that "new material facts have occurred" in that plaintiff's previously confidential cooperation with government authorities in an unrelated case is no longer confidential, thereby allowing him to further explain the behavior – plaintiff's destruction of evidence – that caused the Court to issue the two previous orders in dispute . *See* Dkt. 136 at 5, Dkt. 148 at 13. Whereas plaintiff previously asserted that he destroyed evidence because of his involvement in a *qui tam* action or because his destruction was

protected activity under federal law, plaintiff now argues that his "erasure of his hard drive and deletion of related files" was motivated by FBI and Justice Department agents' instructing him to "prevent the discovery of information by third parties." Dk. 169 at 2. As of August 27, 2012, plaintiff states, the other case he was cooperating on became unsealed, thereby allowing him to reveal his cooperation with the government as the impetus for his destruction of evidence. *Id*.

The Court finds plaintiff's explanation unpersuasive. Previously the Court rejected plaintiff's nearly identical argument that he destroyed evidence because "there was a Court Order in place" and he had to "ensure that no documents or emails subject to that Court Order would be turned over to Gilead Sciences." Dkt. 128 at 3. The Court reiterates here that "the proper procedure for privileged documents is to assert that privilege, not to destroy the evidence." Dkt. 136 at 5. Assuming the veracity of plaintiff's current assertions, the proper course of action then, as it was when plaintiff raised nearly the same issue before, would have been to identify and assert privilege, or otherwise raise the concern with the Court, not to destroy evidence.

Therefore, finding no new material difference in fact or law, the Court hereby DENIES plaintiff's request for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: October 15, 2012

SUSAN ILLSTON
United States District Judge

2